**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MONTEZ MOORE,

        Petitioner,

v.                                         Case No. 04-CV-71210-DT

KEN McKEE,

        Respondent.
_____/

**ORDER GRANTING IN PART PETITIONER'S
MOTION FOR A CERTIFICATE OF APPEALABILITY
AND
GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS***

**I. INTRODUCTION**

Petitioner Montez Moore has appealed the court's denial of his application for the writ of habeas corpus. Currently pending before the court are Petitioner's motion for a certificate of appealability and his motion to proceed *in forma pauperis* on appeal.

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability]." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a [certificate of appealability] will issue in some instances where there is no certainty of ultimate relief. After all, when a [certificate of appealability] is sought, the whole premise is that the prisoner 'has already

failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[A] claim can be debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

## II. DISCUSSION

### A. Severance

In Petitioner's first habeas claim, he alleges that the trial court should have granted Petitioner's motion for a separate jury. This court denied relief on this claim because (1) Petitioner and his co-defendants did not present mutually antagonistic defenses, (2) the trial court instructed the jurors that they should consider each defendant separately and not conclude that the defendants associated with each other or were guilty simply because they were on trial together, and (3) a co-defendant's allegedly prejudicial closing argument did not blame Petitioner for the crime.

Despite these conclusions, reasonable jurists might debate the court's assessment of Petitioner's claim. Therefore a certificate of appealability may issue on the first habeas claim.

### B. Co-Defendant's Attorney

The second habeas claim alleges that the closing argument of a co-defendant's attorney denigrated Petitioner and the other co-defendant. The court rejected this claim because: (1) there is no Supreme Court decision dealing with the impact of a defense attorney's closing argument about a co-defendant, (2) the attorney who made the remarks in question did not mention Petitioner, nor claim that Petitioner was guilty of the charges, (3) the trial court instructed the jurors that the attorneys' arguments were not evidence, that they should not let sympathy or prejudice influence their decision, and that they should consider each defendant separately, and (4) any error could not have had a "substantial and injurious effect or influence in determining the jury's verdict" and was harmless. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). Reasonable jurists would not disagree. Therefore, the court will not issue a certificate of appealability on the second habeas claim.

### C. The Prosecutor's Closing Argument

The third habeas claim alleges prosecutorial misconduct. Petitioner contends that the prosecutor's closing arguments were improper, because the prosecutor shifted the burden of proof, appealed to the jurors' emotions, misstated the facts, denigrated Petitioner's attorney, and injected his personal opinion into the argument.

3

The court determined that the prosecutor's comments were not improper and did not amount to flagrant misconduct because they were not misleading, prejudicial, or extensive. Although this court determined the prosecutor's argument to be not improper when viewed in context, the trial court (reaching the same conclusion) characterized it as at times "overzealous." The court finds that reasonable jurists could debate the court's assessment of Petitioner's prosecutorial-misconduct claim. A certificate of appealability may issue on Claim III.

### D.  Admission of an Accomplice's Statement

The fourth habeas claim alleges that the trial court abused its discretion when it admitted in evidence a prior co-defendant's statement that Petitioner fired a gun at the victims. The court rejected this claim because it alleged an error of state law, which is not a basis for habeas corpus relief. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). The court stated that, even if it construed the claim as a constitutional issue, the claim lacked merit because the declarant was unavailable and his statement bore adequate indicia of reliability. *Ohio v. Roberts*, 448 U.S. 56, 66 (1980). Reasonable jurists might debate the court's assessment of the constitutional claim. Therefore, a certificate of appealability may issue on Petitioner's fourth claim.

### E.  The Jury Instructions

The fifth habeas claim alleges that the trial court erred in failing to instruct the jurors on two of Petitioner's defenses and on certain lesser included offenses. Although a defendant generally is entitled to an instruction as to any recognized defense for which there exists sufficient evidence, *Mathews v. United States*, 485 U.S. 58, 63

(1988), the court determined that the evidence did not support a claim-of-right defense or a duress defense.

The court also concluded that due process did not require the giving of jury instructions on lesser-included offenses in non-capital cases. *Beck v. Alabama*, 447 U.S. 625, 638 n.14 (1980). However, because the United States Court of Appeals for the Sixth Circuit has not decided whether district courts should treat an action as a noncapital case when the State's most severe penalty of life imprisonment without parole is imposed, a certificate of appealability may issue on Petitioner's claim that his request for jury instructions on lesser-included offenses should have been granted. *Cf. Drake v. Superintendent, Trumbull Corr. Inst.*, 106 F.3d 400, 1997 WL 14422, at **9 (6th Cir. 1997) (declining to decide whether it should treat a case as a noncapital case for post-conviction purposes when the death penalty was not imposed) with *Scott v. Elo,* 302 F.3d 598 (6th Cir. 2002) (applying *Beck* to a Michigan case where the penalty was life imprisonment without the possibility of parole).

### F. Admission of Seized Weapons

The sixth habeas claim alleges that the trial court abused its discretion in admitting in evidence weapons seized by the police. Petitioner contends that there was no indication that the weapons were used during the crime and that the prejudicial effect of the evidence outweighed any probative value it had.

The court rejected this claim because trial court errors on evidentiary issues do not rise to the level of a constitutional claim warranting habeas relief unless the error was fundamentally unfair and deprived the petitioner of due process. *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004). The court determined that admission of the disputed

evidence was not fundamentally unfair because (1) there was some basis from which the jurors could conclude that the weapons were the ones used to commit the charged offenses, (2) the defense attorneys were given an opportunity to cross-examine witnesses about the guns, and (3) the trial court explained to the jurors that the weapons were merely demonstrative evidence and that it was up to them to decide how much weight to give the evidence.

Reasonable jurists would not debate the court's resolution of Petitioner's evidentiary claim. Therefore, a certificate of appealability will not issue on Claim VI.

### III. CONCLUSION

For reasons given above, Petitioner's motion for a certificate of appealability is GRANTED in part and DENIED in part. Petitioner may appeal Claim I (denial of a separate trial), Claim III (prosecutorial misconduct), Claim IV (admission of a prior co-defendant's statement), and the portion of Claim V that challenges the denial of jury instructions on lesser-included offenses. The court DECLINES to issue a certificate of appealability on Claim II, the portion of Claim V that alleges denial of jury instructions on Petitioner's claim-of-right and duress defenses, and Claim VI regarding evidence of weapons. Petitioner's motion to proceed *in forma pauperis* on appeal is GRANTED because the issues are not frivolous. *See United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997).

  S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: July 13, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 13, 2006, by electronic and/or ordinary mail.

                                            S/Lisa Wagner
                                            Case Manager and Deputy Clerk
                                            (313) 234-5522